1

2

3                        UNITED STATES DISTRICT COURT

4                           DISTRICT OF NEVADA

5                                   * * *

6    MILTON DAVID PLUMMER,                    Case No. 3:20-cv-00258-MMD-WGC

7                          Petitioner,                    ORDER

8         v.

     WARDEN, et al.,
9
                           Respondents.
10

11          This Court dismissed Nevada state prisoner Milton David Plummer's habeas

12   corpus petition with prejudice in May 2020 (ECF No. 5). The Court dismissed the petition

13   because it appeared to be duplicative of another, earlier-filed habeas petition, that

14   Plummer had pending in this court. Plummer has filed a motion for reconsideration (ECF

15   No. 7), which the Court grants to the extent that the petition is not duplicative. However,

16   as discussed below, the petition is dismissed for failure to state a claim for which relief

17   may be granted.

18      I.      **MOTION FOR RECONSIDERATION**

19          Rule 60(b) entitles the moving party to relief from judgment on several grounds,

20   including the catch-all category "any other reason justifying relief from the operation of

21   the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsections (b)(4–6) must be

22   brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

23          Here, Plummer points out that he has filed 3 federal habeas petitions in this Court

24   that challenge 3 separate judgments of conviction on the same bases. *See* 3:19-cv-

25   00235-MMD-CLB; 3:20-cv-00257-RCJ-WGC. This petition, is therefore, not duplicative.

26   The motion for reconsideration is granted to that extent.

27   ///

28   ///

However, the Court has now reviewed the petition pursuant to Habeas Rule 4, and will dismiss it with prejudice for failure to state a claim for which habeas relief may be granted.

## II.   BACKGROUND

Plummer's petition involves a 2002 state-court conviction and sentence. *State v. Plummer*, Case No. CR01-2499. Plummer entered a guilty plea to one count of robbery with the use of a firearm and one count of burglary with use of a deadly weapon. A judgment of conviction was entered August 23, 2002. The Nevada Supreme Court affirmed the conviction on direct appeal, and later affirmed the denial of post-conviction relief. *Plummer v. State*, Case Nos. 40170, 40185, 44619, 44621.

In June 2019, Plummer filed a motion in state court requesting modification of his sentence. He argued his sentence was illegal because it includes minimum parole eligibility and precludes him from receiving credits towards early release (*see* ECF No. 6 at 18–20). The state court denied the motion on state law grounds. *Id.* The Nevada Court of Appeals affirmed the denial of relief. *Plummer v. State*, Case Nos. 79664-COA, 79665-COA. (*Id.* at 25–26.)

Plummer submitted the federal habeas petition initiating this case in April 2020 (ECF No. 1-1). The petition asserts two due process violations under the Fifth and Fourteenth Amendments based on an "illegal sentence." Plummer claims he was not charged with an offense punishable under the Nevada "statute for which he was sentenced" (ECF No. 6 at 4). He argues he was illegally sentenced because his sentence includes minimum parole eligibility, therefore precluding him from receiving credits to make him eligible for early release.

## III.   DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Plummer's current petition fails to allege a cognizable federal habeas claim. The Antiterrorism and Effective Death Penalty Act ("AEDPA") "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *McGuire*, 502 U.S. at 67–68 (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Plummer's petition is subject to dismissal based on multiple substantial defects. First, although he mentions his due process rights under the Fifth and Fourteenth Amendments, his claims present no federal question as they plainly hinge on the application or interpretation of state sentencing law. *See Swarthout v. Cooke*, 562 U.S.

216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). The Nevada courts rejected his arguments on state law grounds. Because Plummer's claims present questions of state law, they are not cognizable in federal habeas corpus proceedings.

Second, the petition improperly challenges the Nevada courts' decisions denying modification of his sentence. Federal district courts do not have appellate jurisdiction over any state court or state supreme court, whether by direct appeal, writ of mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). Generally, the Rooker-Feldman doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The Rooker-Feldman doctrine prevents Plummer from obtaining the relief he seeks from this Court—an order from a federal district court functionally overturning the Nevada courts' decisions denying modification his sentence.

Third, Plummer's claims are not cognizable because success on the merits of the claims "would not necessarily lead to immediate or speedier release." *Nettles v. Grounds*, 830 F.3d 922, 934–935 (9th Cir. 2016). Habeas relief is not available for "probabilistic claims," i.e., where success on the claims "could potentially affect the duration of confinement" or is "likely to accelerate the prisoner's eligibility for parole." *Id.* at 933–34 (quotation omitted). Here, if Plummer were to succeed on his claims, it would only mean an earlier parole hearing. But an earlier parole hearing will not necessarily lead to the Petitioner's immediate or speedier release, because the parole board has the authority and discretion to grant or deny parole. *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing NRS § 213.1099(2) ("The decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole.")). Because success on Plummer's claims would not necessarily lead to his immediate or speedier release, they

4

do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint under 42 U.S.C. § 1983. *See, e.g.*, *Gordon v. Premo*, 757 F. App'x 627, 628 (9th Cir. 2019).

Additionally, the Court declines to recharacterize the petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead causes of action under § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Nettles*, 830 F.3d. at 935–36. However, habeas actions and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings— that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* at 935–36 (quotation omitted); *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so may be to the prisoner's disadvantage). In this case, the petition is not amenable to conversion on its face because it is not clear that Plummer has named the proper defendant or whether recharacterization would disadvantage Plummer.

## IV.   CONCLUSION

It is therefore ordered that this Court's order dated May 20, 2020 (ECF No. 5) is vacated.

It is further ordered that Petitioner's motion for reconsideration (ECF No. 7) is granted as set forth in this order.

It is further ordered that the petition is dismissed with prejudice for failure to state a claim for which federal habeas relief may be granted.

It is further ordered that the Clerk of the Court enter final judgment, accordingly, dismissing this action with prejudice, and close this case.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon Respondents by adding

Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 2nd day of July 2020.


_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT COURT